IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

DOMINIQUE JONES,                          *
                                          *
      Plaintiff,                      *
                                          *
v.                                        *     Case No. 2011-12
                                          *
HORIZON SHIPBUILDING, INC.,               *
                                          *
      Defendant.                      *

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff brings this action against Horizon Shipbuilding, Inc., (hereinafter called "Horizon"), a corporation organized and existing in Mobile, Alabama, pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e), 42 U.S.C. §§ 1981 and 1985(3), alleging race and sex discrimination in employment and retaliation.  Plaintiff further states as follows:

### JURISDICTION

1.    Jurisdiction of this Court is invoked pursuant to 28 U.S.C. Sections 1331, 1343, 2201, and 2202.

### PARTIES

2.    The Plaintiff, Dominique Jones is a resident citizen of the United States and resides in Pensacola, Florida.  The Plaintiff was employed at all times pertinent to this action by the Defendant, Horizon.

1

3.      The Defendant, Horizon, is a corporation operating and existing under the laws of the State of Alabama, with a business located in Mobile, Alabama..

4.      Defendant is also an "employer" under Title VII.  The Defendant, Horizon, is engaged in an "industry affecting commerce" within the meaning of Section 701(h) of the Civil Rights Act of 1964, 42 U.S.C. Section 2000e-(h).  The Defendant employs at least fifteen (15) persons.

## VENUE

5.      Venue is proper in the Southern District of Alabama, Southern Division, since Defendant is conducting business within this District and Division and this action is brought where the unlawful employment practice was committed.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

6.      Plaintiff filed a timely Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on September 30, 2008.

7.      On October 15, 2010, the EEOC issued a right to sue letter received by Plaintiff's counsel on October 18, 2010.  (Attached)

8.      Plaintiff has satisfied all conditions precedent prior to bringing an action under Title VII of the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

9.      In 2005, Jones received her certification as a Class B Welder and specialized in aluminum welding and products.  Jones began working for Horizon as an iron worker in

2

December, 2006. At all times relevant to this action, Plaintiff was classified as First Class Welder.

10.     At all time relevant to this action, Plaintiff satisfactorily performed her job duties.

11.     Defendant discriminated against Plaintiff by paying her a salary at a rate less than the rate it pays to employees of the opposite sex and who were not African Americans for equal work on a job the performance which requires equal skill, effort and responsibility and which are performed under similar working conditions to those experienced by Plaintiff.

12.     While employed by Horizon, the Plaintiff was subjected to discrimination as a result of her sex and race which affected the terms and conditions of her employment.

13.     On or about May, 2008, Tim Sengsiri (Sengsiri) was appointed as Plaintiff's supervisor.

14.     Sengsiri would frequently make racially disparaging remarks regarding African American workers.

15.     Sengsiri made numerous derogatory remarks to Plaintiff regarding her race and gender including, but not limited to, calling Plaintiff a "nigger lesbian bitch," "stupid nigger" and a "stupid black dyke."   Sengsiri noted his intention to terminate the African American workers and replace them with Asians.

16.     Plaintiff was treated differently than other workers on the basis of her gender, female, and race, African American, including, but not limited to reprimands, assistance in

3

the yard, and availability of materials.

17.     Upon information and belief, all welders hired by Sengsiri were Asian during the time of Plaintiff's employment. The Asian workers hired by Sengsiri were less qualified than Plaintiff and most required training.

18.     Roger Oliver, the Yard Superintendent, often made disparaging remarks that "a woman doesn't belong on this shipyard." and noted that he would "never hire another woman for this position." Oliver also directed one of Jones' supervisors to terminate her employment because "a woman belongs in the kitchen, not a shipyard."

19.     Jones and several of her co-workers, including supervisors, openly addressed concerns with several members of management that Horizon was engaged in employment practices that discriminated against her because of her race, African American, and gender, female.

20.     On or about June 20, 2008, Jones filed a complaint and/or grievance with Horizon asserting concerns of unfair employment practices, including, but not limited to, race and sex discrimination.

21.     Several of Jones' supervisors reported concerns of discriminatory practices by Sengsiri noting Sengsiri's hiring of unqualified Asians and other discriminatory conduct and practices including conduct directed at Jones.

22.     Plaintiff and other employees, including supervisory personnel, complained to supervisors, superintendents, Human Resource Officers, and the President of Horizon

4

regarding discriminatory conduct in the workplace including conduct directed at Jones.

23.   Upon information and belief, Horizon failed to investigate complaints of discrimination and/or to take corrective action.

24.   Plaintiff was retaliated against as a result of her complaints regarding concerns of a pattern and practice of discriminatory hiring and a hostile working environment.

25.   On or about July 17, 2008, Sengsiri terminated Plaintiff for false reasons and then later threatened and assaulted her. .

26.   On or about July 17, 2008, Plaintiff reported her concerns to John Lambert, an officer and co-owner of Horizon, that her termination was discriminatory and in retaliation for her earlier complaints of discrimination.

27.   The Defendant engaged in policies and practices by and through the management of its company, which evidence a pattern and practice of willful and intentional discrimination against the Plaintiff on the basis of her race and gender and in retaliation of her protected conduct.   These policies and practices include but are not limited to the following:

        a)   Verbally harassing the Plaintiff, and others similarly situated, in an effort to secure their resignation and/or termination.

        b)   Creating policies whereby employees who voiced concerns regarding discriminatory practices were subjected to greater scrutiny.

        c)   Creating a hostile working environment by intimidating, threatening,

and coercing the Plaintiff on the basis of her gender, race, and protected

speech.

28.    The alleged reasons for the termination of Plaintiff were false and therefore

constitute pretext for terminating Plaintiff.

29.    As a direct result of these actions, Plaintiff has been caused to suffer loss of

income, increased levels of stress, emotional and mental suffering.

30.    Defendant's actions were done maliciously and/or done with reckless

indifference to the Plaintiff's federally protected rights.

## CAUSES OF ACTION
## COUNT I

### TITLE VII
### (Sex and Race Discrimination)

31.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 30 as if

fully set forth herein.

32.    This is a claim to redress unlawful discrimination on the basis of race and sex

in violation of Title VII.

33.    Horizon has discriminated against Plaintiff on the basis of her race and sex in

matters of discipline, subjective decision making policies, pay, termination and other terms

and conditions of employment which have resulted in disparate impact and treatment of

Plaintiff.

34.    Horizon's actions discriminated against the Plaintiff on the basis of her race and

6

sex in violation of the Title VII and the Civil Rights Act of 1991, by instituting and conducting a systematic pattern and practice of sex and race discrimination in an effort to create a hostile working environment and resulting in Plaintiff's termination.

35.    As the direct and proximate result of the wrongful actions of Horizon, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of benefits in general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries and other directly and indirectly related expenses. These losses are continuing and the Plaintiff will continue to suffer such losses in the future.

36.    Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

37.    Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

## COUNT II
### SECTION 1981
#### (Race Discrimination)

38.    Plaintiff re-alleges and incorporates by reference paragraphs 1 through 37 as if fully set forth herein.

39.    This is a claim to redress unlawful discrimination on the basis of race in violation of 42 U.S.C. Section 1981.

40.    Horizon has discriminated against Plaintiff on the basis of her race in matters of discipline, subjective decision making policies, pay, termination and other terms and

conditions of employment which have resulted in disparate impact and treatment of

Plaintiff.

41.     Horizon's  actions discriminated against the Plaintiff on the basis of her race

and sex in violation of the Title VII and the Civil Rights Act of 1991, by instituting and

conducting a systematic pattern and practice of sex and race discrimination in an effort to

create a hostile working environment and resulting in Plaintiff's termination.

42.     As the direct and proximate result of the wrongful actions of Horizon, the

Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of benefits in

general, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and

other intangible injuries and other directly and indirectly related expenses.  These losses

are continuing and the Plaintiff will continue to suffer such losses in the future.

43.     Because of such conduct, the plaintiff suffered severe emotional distress,

embarrassment and humiliation.

44.     Defendant's actions were done maliciously and/or done with reckless

indifference to the Plaintiff's federally protected rights.

**COUNT III**
**TITLE VII AND SECTION 1981**
**(Hostile Work Environment)**

45.     Plaintiff re-alleges and incorporates by reference paragraphs 1 through 44 as

if fully set forth herein.

46.    Plaintiff was subjected to a hostile work environment based on her race and sex as set out above.

47.    The harassment was unwelcomed, based on race and sex, and was severe and pervasive so that it affected the terms and conditions of the plaintiff's employment and defendants are liable for such harassment.

48.    The harassment was continuing in nature.

49.    Plaintiff and others objected to and complained about the harassing conduct; however, defendant failed to take prompt, effective remedial action.

50.    Defendant did not appropriately handle the complaints of harassment from the plaintiff and others.

51.    The Plaintiff found the racially hostile work environment to be humiliating, offensive, unfair and in violation of her rights under Title VII and under Section 1981, and she suffered mental suffering and anguish as a direct result.

52.    Defendant made no reasonable effort to utilize, publicize or enforce an effective company anti-harassment policy.

53.    Defendant is directly liable for the racial harassment and authorized and/or ratified said conduct. Defendant failed to take prompt effective remedial action upon notice of the racial harassment of Plaintiff.

54.    Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

9

55.    Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

## COUNT IV
## RETALIATION CLAIM

56.    Plaintiff re-alleges and incorporates herein by reference paragraphs 1 through 55 as if fully set forth herein.

57.    Plaintiff filed a complaint with Horizon regarding concerns of discriminatory practices engaged in by Horizon and openly opposed the discriminatory actions and treatment by Horizon.

58.    As a direct result of her complaints and grievances, Horizon began to harass and  threaten Plaintiff, directly and indirectly,  in retaliation for her open opposition and expression of concerns regarding possible discriminatory practices by Horizon.

59.    As a direct result of her complaints and opposition to discrimination, Plaintiff was disciplined and ultimately terminated from her employment with Horizon.

60.    Horizon retaliated against Plaintiff for the exercise of federally protected rights by her which is prohibited and discriminatory pursuant to Title VII and §1981.

61.    As the direct and proximate result of the wrongful actions of Horizon, the Plaintiff was caused to suffer lost wages, loss of future earning capacity, loss of raises, mental anguish, loss of dignity, embarrassment, humiliation, and other intangible injuries

and other directly and indirectly related expenses. These losses are continuing and the Plaintiff will continue to suffer such losses in the future.

62.     Defendant's actions were done maliciously and/or done with reckless indifference to the Plaintiff's federally protected rights.

63.     Because of such conduct, the plaintiff suffered severe emotional distress, embarrassment and humiliation.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A.     Grant Plaintiff a declaratory judgment that the actions, policies and practices complained of herein of the defendant violate the provisions of 42 U.S.C. §2000e , and 42 U.S.C. Section 1981.

B.     Grant Plaintiff a preliminary injunction enjoining the defendant, their agents, successors, employees and attorneys and those acting in concert with them and at their direction, from maintaining or continuing the policies, practices, customs and usages of denying, abridging, withholding, conditioning, limiting, or otherwise interfering with the Plaintiff's rights to equal employment opportunities without discrimination, as provided for under  42 U.S.C. §2000e.

11

C.    Grant Plaintiff an award of back pay from Horizon the amount the Plaintiff would have earned from the date of her denial of employment to and including the date of judgment, but for those policies and practices complained herein.

D.    Grant Plaintiff front pay or wages in the amount equal to the pay or wages Plaintiff would be earning after final judgment, but for Horizon's unlawful policies and practices complained of herein, and but for the delays Plaintiff will encounter in reaching her rightful place because of business necessity and other equitable considerations.

F.    Award compensatory damages against defendant in an amount the jury determines will compensate the Plaintiff for her losses and damages suffered, as well as punitive and/or liquidated damages against the defendant in an amount the jury determines is adequate to punish the defendant or it's wrongful conduct and to deter others from similar conduct in the future, and/or nominal damages as may be appropriate.

G.    Award Plaintiff costs and expenses in prosecuting this action including an award of reasonable attorney's fees.

H.    Retain jurisdiction of this action following judgment for sufficient time to insure that defendants comply with the law and decree which may be entered herein, and during such time to require defendants to report such information as is necessary to evaluate their compliance.

I.    Grant Plaintiff such other and further relief as equity and justice requires.

12

## JURY DEMAND

Plaintiff herein demand trial by jury of all issues in this action.

Respectfully submitted this 7th day of January, 2011.

**Stein and Pilcher, L.L.C.**
151 N. Bancroft Ave.
Post Office Box 602
Fairhope, AL 36533-0602
Telephone:  (251) 210-4557
Facsimile: (251) 432-7756

By:  _____
Mary E. Pilcher
Attorney for Plaintiff

OF COUNSEL:

Rocco Calamusa, Jr.
Wiggins, Childs, Quinn & Pantazis, L.L.C.
The Kress Building
301 19th Street N.
Birmingham, AL 35203-3118
Telephone: (205) 314-0500
Facsimile: (205) 254-1500

EEOC Form 161-A (11/09)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## NOTICE OF RIGHT TO SUE
### (CONCILIATION FAILURE)

| To: | Dominique Jones<br>652 Sea Pine Circle<br>Pensacola, FL 32506 | From: | Jackson Area Office<br>100 West Capitol Street<br>Suite 207<br>Jackson, MS 39269 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 425-2009-00007 | Joyce B. Simelton,<br>Investigator | (601) 948-8406 |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
#### (See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Wilma Scott*                                    October 15, 2010
_____                      _____
**Wilma  Scott,**                                    *(Date Mailed)*
**Director**

Enclosures(s)

cc:   Manager                          Attorney  Mary E. Pilcher
      HORIZON SHIPBUILDING, INC.       Stein & Pilcher, L.LC
      13980 Shell Belt Road            P.O. Box 1988
      Bayou La Batre, AL 36509         Mobile, AL  36633