IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| DOMINIQUE JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION NO. 2011-12 |
| v. | ) | |
| | ) | |
| HORIZON SHIPBUILDING, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**RESPONSE TO PLAINTIFF'S COMPLAINT**

The Defendant Horizon Shipbuilding, Inc. asserts the following separate and several defenses to Plaintiff's Complaint.

**FIRST DEFENSE**

For response to the allegations separately numbered paragraphs of Plaintiff's Complaint, Defendant says as follows:

1.      Defendant admits that there is federal question jurisdiction over Plaintiff's claims.

2.      Defendant admits the allegations contained in paragraph 2 of Plaintiff's Complaint.

3.      Defendant admits the allegations contained in paragraph 3 of Plaintiff's Complaint.

4.      Defendant admits the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.      Defendant admits that venue is proper in the Southern District of Alabama, Southern Division where Defendant is conducting business.  Defendant denies the remainder of the allegations of paragraph 5 of Plaintiff's Complaint.

6.     Defendant admits that Plaintiff filed a Charge of Discrimination within 180 days of her termination.  Defendant denies the remainder of the allegations of paragraph 6 of Plaintiff's Complaint.

7.     Defendant admits the allegations of paragraph 7 of Plaintiff's Complaint.

8.     Defendant denies that Plaintiff has satisfied all conditions precedent to bringing an action under Title VII as to all claims alleged.

9.     Defendant admits that Plaintiff began working for Defendant as a welder in December 2006.  Defendant lacks sufficient information to form a belief as to the truth of the remainder of the allegations in paragraph 9 of Plaintiff's Complaint.

10.     Defendant denies the allegations contained in paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.     Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint.

13.     Defendant admits that Tim Sengsiri became Plaintiff's supervisor in June 2008.  Defendant denies the remainder of the allegations contained in paragraph 13 of Plaintiff's Complaint.

14.     Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.     Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.     Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.     Defendant denies the allegations contained in paragraph 17 of Plaintiff's Complaint.

18.     Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.     Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint.

20.     Defendant admits that Plaintiff complained of an alleged offensive comment by her supervisor in June 2008 and denies the remainder of the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.     Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.     Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.     Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.     Defendant denies the allegations contained in paragraph 24 of Plaintiff's Complaint.

25.     Defendant admits the Plaintiff was terminated on July 17, 2008.  Defendant denies the remainder of the allegations contained in paragraph 25 of Plaintiff's Complaint.

26.     Defendant denies the allegations contained in paragraph 26 of Plaintiff's Complaint.

27.     Defendant denies the allegations contained in paragraph 27 of Plaintiff's Complaint.

28.     Defendant denies the allegations contained in paragraph 28 of Plaintiff's Complaint.

29.     Defendant denies the allegations contained in paragraph 29 of Plaintiff's Complaint.

30.     Defendant denies the allegations contained in paragraph 30 of Plaintiff's Complaint.

31.     In response to paragraph 31 of Plaintiff's Complaint, Defendant adopts and incorporates by reference its response to paragraphs 1 through 30 hereinabove.

32.     Defendant denies that it committed any unlawful discrimination of Plaintiff on the basis of race or sex in violation of Title VII.

33.     Defendant denies the allegations contained in paragraph 33 of Plaintiff's Complaint.

34.     Defendant denies the allegations contained in paragraph 34 of Plaintiff's Complaint.

35.     Defendant denies the allegations contained in paragraph 35 of Plaintiff's Complaint.

36.     Defendant denies the allegations contained in paragraph 36 of Plaintiff's Complaint.

37.     Defendant denies the allegations contained in paragraph 37 of Plaintiff's Complaint.

38.     In response to paragraph 38 of Plaintiff's Complaint, Defendant adopts and incorporates by reference its response to paragraphs 1 through 37 hereinabove.

39.     Defendant denies that it committed any unlawful discrimination on the basis of race in violation of 42. U.S.C. § 1981.

40.     Defendant denies the allegations contained in paragraph 40 of Plaintiff's Complaint.

41.     Defendant denies the allegations contained in paragraph 41 of Plaintiff's Complaint.

42.     Defendant denies the allegations contained in paragraph 42 of Plaintiff's Complaint.

43.     Defendant denies the allegations contained in paragraph 43 of Plaintiff's Complaint.

44.     Defendant denies the allegations contained in paragraph 44 of Plaintiff's Complaint.

45.     In response to paragraph 45 of Plaintiff's Complaint, Defendant adopts and incorporates by reference its response to paragraphs 1 through 44 hereinabove.

46.     Defendant denies the allegations contained in paragraph 46 of Plaintiff's Complaint.

47.     Defendant denies the allegations contained in paragraph 47 of Plaintiff's Complaint.

48.     Defendant denies the allegations contained in paragraph 48 of Plaintiff's Complaint.

49.     Defendant admits that Plaintiff made a complaint about an alleged offensive comment.  Defendant denies each and every other allegation contained in paragraph 49 of Plaintiff's Complaint.

50.     Defendant denies the allegations contained in paragraph 50 of Plaintiff's Complaint.

51.     Defendant denies the allegations contained in paragraph 51 of Plaintiff's Complaint.

52.     Defendant denies the allegations contained in paragraph 52 of Plaintiff's Complaint.

53.     Defendant denies the allegations contained in paragraph 53 of Plaintiff's Complaint.

54.     Defendant denies the allegations contained in paragraph 54 of Plaintiff's Complaint.

55.     Defendant denies the allegations contained in paragraph 55 of Plaintiff's Complaint.

56.     In response to paragraph 56 of Plaintiff's Complaint, Defendant adopts and incorporates by reference its response to paragraphs 1 through 55 hereinabove.

57.     Defendant admits that Plaintiff made a complaint to Defendant regarding an alleged offensive comment by her supervisor.  Defendant denies the remainder of the other allegations as contained in paragraph 57 of Plaintiff's Complaint.

58.     Defendant denies the allegations contained in paragraph 58 of Plaintiff's Complaint.

59.      Defendant denies the allegations contained in paragraph 59 of Plaintiff's Complaint.

60.      Defendant denies the allegations contained in paragraph 60 of Plaintiff's Complaint.

61.      Defendant denies the allegations contained in paragraph 61 of Plaintiff's Complaint.

62.      Defendant denies the allegations contained in paragraph 62 of Plaintiff's Complaint.

63.      Defendant denies the allegations contained in paragraph 63 of Plaintiff's Complaint.

## SECOND DEFENSE

Defendant denies each and every allegation of Plaintiff's complaint not specifically admitted herein.

## THIRD DEFENSE

Some or all of Plaintiff's claims fail to state a claim upon which relief can be granted.

## FOURTH DEFENSE

To the extent Plaintiff is stating a claim under 42 U.S.C. § 1985(3), such claim is not viable against the private defendant.

## FIFTH DEFENSE

Plaintiff has failed to satisfy the conditions precedent to filing suit for a claim of retaliation under Title VII.

## SIXTH DEFENSE

Some or all of the allegations of Plaintiff's Complaint are beyond the scope of Plaintiff's EEOC charge of discrimination and, accordingly, Plaintiff has failed to satisfy the conditions precedent to filing suit under Title VII.

## SEVENTH DEFENSE

Plaintiff has failed to file a timely charge of discrimination with respect to all matters alleged in her Complaint.

## EIGHTH DEFENSE

Defendant is not guilty of the matters and things alleged by Plaintiff in her complaint.

## NINTH DEFENSE

Some or all of Plaintiff's claims are barred by the applicable statute of limitations.

## TENTH DEFENSE

Plaintiff has failed to mitigate the consequences of the actions of which she complains.

## ELEVENTH DEFENSE

Defendant maintains an adequate and effective anti-discrimination policy.

## TWELFTH DEFENSE

Any and all actions taken and/or made by Defendant were solely for reasons that were a legitimate business necessity based on good proper criteria and in good faith with no discriminatory or retaliatory intent whatsoever.

## THIRTEENTH DEFENSE

Defendant had legitimate non-discriminatory business reasons for the actions of which Plaintiff complains.

## FOURTEENTH DEFENSE

Defendant's conduct would have been the same regardless of any allegedly unlawful motive.

## FIFTEENTH DEFENSE

Defendant is not liable for punitive damages because any discriminatory employment decisions by its managerial agents were contrary to Defendant's good faith efforts to comply with the law.

## SIXTEENTH DEFENSE

Punitive damages are not appropriate in this action because there was no discrimination in the face of a perceived risk that Defendant's actions would violate state or federal law.

## SEVENTHEENTH DEFENSE

Punitive damages are not appropriate in this action because Plaintiff cannot demonstrate that Defendant or any of its managerial agents behaved with malice or reckless indifference to plaintiff's rights.

## EIGHTEENTH DEFENSE

The circumstances alleged in Plaintiff's complaint will not support a claim for punitive damages under Title VII of the Civil Rights Act or under 42 U.S.C. § 1981.

## NINETEENTH DEFENSE

Plaintiff's damages under Title VII are limited by the provisions of 42 U.S.C. §1981(a)(b)(3).

## TWENTIETH DEFENSE

Plaintiff's claims that she was terminated on the basis of race, sex or unlawful retaliation are barred by the doctrine of collateral estoppel because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

## TWENTY-FIRST DEFENSE

Plaintiff's claims that she was terminated on the basis of race or illegal retaliation are barred by the doctrine of res judicata because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

## TWENTY-SECOND DEFENSE

Plaintiff is barred from claiming damages for termination by the doctrine of collateral estoppel because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

## TWENTY-THIRD DEFENSE

Plaintiff is barred from claiming damages for termination by the doctrine of *res judicata* because of the preclusive effect of the Determination of the Hearing and Appeals Division of the Alabama Department of Industrial Relations on her claim for unemployment benefits.

## TWENTY-FOURTH DEFENSE

Defendant does not have liability for the alleged unlawful conduct of its employee because the conduct alleged was outside the line and scope of the employment of the alleged tort-feasor, was not in the furtherance of Defendant's business and Defendant did not participate in, authorize or ratify any such alleged conduct.

## TWENTY-FIFTH DEFENSE

Defendant took adequate preventative and corrective action in investigating and handling Plaintiffs complaints.

## TWENTY-SIXTH DEFENSE

To the extent Plaintiff alleges a claim for punitive damages, she cannot recover such damages because Defendant has made good faith efforts to comply with employment discrimination laws by promulgating and maintaining policies and procedures designed to prevent and promptly correct any alleged discrimination, harassment or retaliation in the workplace.

## TWENTY-SEVENTH DEFENSE

Defendant exercised reasonable care to prevent and to promptly correct any allegedly harassing behavior.  Plaintiff unreasonably failed to take advantage any preventative or corrective opportunities to avoid the alleged harm.

**TWENTY-EIGHTH DEFENSE**

The alleged conduct of which Plaintiff complains does not rise to the level of behavior so offensive as to create an objectively hostile environment.

**TWENTY-NINTH DEFENSE**

Defendant reserves the right to amend this answer to add such other defenses as may be available under the circumstances.

_____s/Celia J. Collins_____
Celia J. Collins          (COLLC1368)
Kimberly L. Bell          (BELLK2917)
Attorneys for Defendant
P. O. Box 1988
Mobile, Alabama   36633
(251) 432-7682

OF COUNSEL:
JOHNSTONE, ADAMS, BAILEY, GORDON & HARRIS, L.L.C.

**CERTIFICATE OF SERVICE**

I hereby certify that on the 4th of February, 2011, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mary E. Pilcher
Stein and Pilcher, LLC
P. O. Box 1051
Mobile, AL  36633

_____s/Celia J. Collins_____
