IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| DOMINIQUE R. JONES, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )   CIVIL ACTION 11-0012-WS-M |
| | ) |
| HORIZON SHIPBUILDING, INC., | ) |
| | ) |
|     Defendant. | ) |

**ORDER**

This matter is before the Court on the parties' motions to strike. (Docs. 54, 56, 58). The motions all pertain to exhibits submitted in support of the parties' positions concerning the defendant's motion for summary judgment. The parties have filed briefs in support of their respective positions, (Docs. 54, 56-59), and the motions are ripe for resolution.

    **A. Gunn and King Statements.**

The plaintiff cites to these statements for various purposes. The defendant objects that the plaintiff did not file these statements and that they therefore are not part of the record. (Doc. 54 at 3).

The defendant is correct. While the plaintiff delivered a courtesy copy of these statements to chambers in compliance with the Court's standing order requiring a courtesy hard copy of exhibits exceeding 50 pages, she did not file the statements through CM/ECF. (Docs. 37, 39-45).

A party can show the existence or absence of a genuine issue of material fact by relying on the materials cited by her opponent. Fed. R. Civ. P. 56(c)(1)(B). Otherwise, however, "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by … citing to particular parts of material *in the record* …." *Id*. Rule

56(c)(1)(A) (emphasis added).  As the advisory committee notes to the 2010 amendments state, "[m]aterials that are not yet in the record … must be placed in the record."  Correspondingly, the Court's review is limited to "materials in the record."  *Id*. Rule 56(c)(3).

Material becomes part of the record by filing it.  Filing must be made either by delivery of the material to the clerk, electronic filing of the material, or by "delivering it … to a judge who agrees to accept it for filing."  Fed. R. Civ. P. 5(d)(2), (3).  The Court did not agree to accept documents for filing but instead ordered presentation of a "courtesy copy" to chambers.  (Doc. 19 at 6).  Courtesy copies (to the extent not redundant with the defendants' filed submission) are thus not part of the record and cannot form the basis of a denial of summary judgment.  *See Fisher v. Ciba Specialty Chemicals Corp*., 238 F.R.D. 273, 278 n.4 (S.D. Ala. 2006) ("Extraneous material set forth in the courtesy copy is not part of the record and will not be reviewed or relied on in any way herein."); *accord Bradley v. Mobile County Public School System*, 2010 WL 3672247 at *1 n.1 (S.D. Ala. 2010); *United States v. Miller*, 395 F. Supp. 2d 875, 877 n.2 (D.N.D. 2005).

The plaintiff did not address the defendant's argument or seek leave to file the statements out of time.  (Doc. 57 at 12-13).  Accordingly, and for the reasons set forth above, the defendant's motion to strike the Gunn and King statements is due to be granted.

### B. Wiseman Affidavit.

The defendant moved to strike the first Wiseman affidavit on the grounds it was unsigned and unnotarized, (Doc. 54 at 4), even though the plaintiff had already been granted leave to file a substitute affidavit correcting these deficiencies.  (Docs. 51, 52).  The defendant's motion to strike the first Wiseman affidavit is thus due to be denied as moot.

The defendant moved to strike the second Wiseman affidavit on the grounds that the defendant was "unduly and unfairly prejudiced" by the submission of the signed and

notarized version a day after the defendant filed its reply brief on motion for summary judgment.  This asserted prejudice springs from three sources:  (1) the plaintiff's failure to produce the affidavit during discovery; (2) the defendant's decision not to address the substance of the unsigned affidavit in its reply brief, on the assumption it would be stricken; and (3) the cost of having to address the signed affidavit now.  (Doc. 56 at 1-2).

There is in fact no meaningful prejudice.  The defendant admits the plaintiff identified Wiseman during discovery, (Doc. 56 at 2), and if the defendant desired to know what Wiseman would say before reading it in a post-discovery affidavit, the defendant had the opportunity and the responsibility to take his deposition or otherwise engage in discovery to that purpose.[1]  The defendant may not use its apparent failure to do so as a weapon to exclude the affidavit.

Similarly, the defendant chose at its peril not to address the substance of Wiseman's affidavit in its reply brief.  The defendant admits that the only deficiency in the original affidavit was the absence of a signature and notarization, and such deficiencies are routinely corrected by the later submission of a signed and notarized version.  "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may … give an opportunity to properly support or address the fact …."  Fed. R. Civ. P. 56(e)(1).  As the advisory committee notes accompanying the 2010 amendments state, "[i]n many circumstances this opportunity will be the court's preferred first step."  Here, where it was obvious that the concluding page of the affidavit had simply been left off,[2] there was never any doubt that the Court would allow a complete affidavit to be filed.[3]

---

[1] The defendant does not claim to have propounded discovery requiring the plaintiff to produce written statements.  At any rate, the affidavit is dated March 20, 2012, long after the close of discovery and shortly before the incomplete version was filed.

[2] This was clear even before the plaintiff's motion for leave to file a substitute affidavit stated that "counsel inadvertently filed an incomplete document due to a faulty scan of the Affidavit." (Doc. 51 at 1).

[3] The defendant requests the opportunity to amend its reply brief and related filings "to encompass the additional record evidence adduced after Defendant submitted its Rely." (Doc. 56

Finally, having to absorb the ordinary costs of litigation is not undue prejudice, and it does not matter whether the defendant incurred those costs before or after filing its reply brief.

The defendant next raises a host of objections to specific portions of the affidavit. (Doc. 56 at 4-6). To the extent specific objections are addressed in the order on motion for summary judgment, they are due to be granted or denied in accordance with the tenor of that discussion. All other objections are due to be denied as moot, as they relate to portions of the affidavit on which the Court has not relied.

### C. Jones and Williams Affidavits.

The defendant moves to strike specific portions of these affidavits. (Doc. 54 at 4-8). As with Wiseman, to the extent specific objections are addressed in the order on motion for summary judgment, they are due to be granted or denied in accordance with the tenor of that discussion. All other objections are due to be denied as moot, as they relate to portions of the affidavits on which the Court has not relied.

### D. Unemployment Compensation Determination.

The plaintiff moves to strike the determination because it was submitted by the defendant along with its reply brief rather than along with its principal brief. (Doc. 58). The administrative finding that the plaintiff was terminated for unsatisfactory work performance has so little probative value, given many factors but including the defendant's failure to show what evidence the hearing officer was provided or could properly consider, that it cannot alter the Court's conclusion that the plaintiff has shown the existence of a jury issue as to pretext. Accordingly, her motion is due to be denied as moot.

---

at 7). The only such evidence is pages 8 and 9 of Wiseman's affidavit, since the original version cut off at page 7. The Court in resolving the motion for summary judgment has not relied on anything in pages 8 and 9. Accordingly, the defendant's request, construed as a motion, is due to be denied as moot.

### E. Conclusion.

For the reasons set forth above, the defendant's first motion to strike, (Doc. 54), is **granted** as the Gunn and King statements; **denied as moot** as to the first Wiseman affidavit; **granted** as to any material in the Jones or Williams affidavits that the Court has ruled inadmissible in its order on motion for summary judgment; **denied** as to any material in the Jones or Williams affidavits that the Court has ruled admissible in its order on motion for summary judgment; and **denied as moot** in all other respects.

The defendant's second motion to strike, (Doc. 56), is **denied** to the extent it seeks the total exclusion of the Wiseman affidavit; **granted** as to any material that the Court has ruled inadmissible in its order on motion for summary judgment; **denied** as to any material that the Court has ruled admissible in its order on motion for summary judgment; and **denied as moot** in all other respects.

The plaintiff's motion to strike, (Doc. 58), is **denied as moot**.

DONE and ORDERED this 19th day of October, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE